UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GENEO D. BROWN,

                         Plaintiff,                    **ORDER**

    v.

                                                      **05-CV-509S(F)**

THOMAS POOLE, SUPT. CORCORAN,
MINER, BROWN, RYAN, NAPO, SGT. HATCH,
LT. McCARTHY, LT. LOCASTRO, SGT. HOADLEY and
C.O. TOOMEY,

                         Defendants.

       Plaintiff has applied to the Court for appointment of counsel pursuant to 28 U.S.C. § 1915(e). There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

    1. Whether the indigent's claims seem likely to be of substance;

    2. Whether the indigent is able to investigate the crucial facts concerning his claim;

    3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

    4. Whether the legal issues involved are complex; and

    5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997); *see also* Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986).

       The Court must consider the issue of appointment carefully, of course, because

"every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, Hendricks, 114 F.3d at 392; Cooper, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law. Plaintiff alleges that he was transferred from Cayuga Correctional Facility to Five Points as a mental health patient without due process and because he was exercising his First Amendment rights to engage in a hunger strike. He claims there was no basis for the medical transfer. At this time, plaintiff has shown an ability to sufficiently articulate and present his claims to the Court. Based on this review, plaintiff's motion for appointment of counsel is denied without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: January 2, 2008
       Buffalo, New York